**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OMAR ARIAS MORALES, | Civil Action No. 26-cv-02878 |
| *Petitioner*, | **ORDER** |
| v. | August 5, 2026 |
| PAMELA BONDI, *et al.*, | |
| *Respondents*. | |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Omar Arias Morales ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Mexico who alleges that he entered the United States at approximately seventeen years of age, has resided continuously in the United States for more than ten years prior to his detention (*id.* ¶¶ 2, 22); and

**WHEREAS**, Petitioner alleges that he has no criminal history, has maintained steady employment, has paid taxes, and has been a productive member of his community (*id.* ¶¶ 2, 26); and

**WHEREAS**, Petitioner further alleges that he is the father of a nineteen-year-old United States citizen daughter (*id.* ¶¶ 2, 27); and

**WHEREAS**, Petitioner alleges that, on March 11, 2026, the Department of Homeland Security issued a Notice to Appear charging him as inadmissible pursuant to INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I), and 8 U.S.C. §§ 1182(a)(6)(A)(i) (*id.* ¶ 25); and

**WHEREAS**, Petitioner alleges that, on or about March 12, 2026, Immigration and Customs Enforcement officers arrested him while he was traveling to work in Tinton Falls, New Jersey, and that the arrest occurred without a judicial or administrative warrant (*id.* ¶¶ 2, 24); and

**WHEREAS**, Petitioner alleges that he had not previously been placed in removal proceedings and was not previously known to Immigration and Customs Enforcement before his March 2026 arrest (*id.* ¶ 23); and

**WHEREAS**, Petitioner alleges that Respondents have subjected him to mandatory detention under 8 U.S.C. § 1225(b) without having afforded him any determination by a neutral decisionmaker as to whether his continued detention is necessary pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (*see id.* ¶¶ 1, 3, 29-30); and

**WHEREAS**, Petitioner further alleges that he is *prima facie* eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b) based on his alleged continuous physical presence in the United States, good moral character, lack of disqualifying criminal convictions, and the hardship his removal would allegedly cause to his United States citizen daughter (*id.* ¶¶ 7, 28); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and resolves this matter on statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

2

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias*

3

*Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 5th day of August 2026,

**ORDERED** that the Court's Text Order dated March 20, 2026 (ECF No. 4), directing Respondents to release Petitioner within twenty-four (24) hours, is hereby incorporated into this Order; and the Court notes that Respondents have complied with that directive by releasing Petitioner (ECF No. 5); and it is further

**ORDERED** that, absent material change in circumstances, Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

<br>

Hon. Karen M. Williams
United States District Judge

4